UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 1:22-cr-00361-DLF |
| | ) |
| CHASE ALLEN | ) |

### Motion to Permit Out of Jurisdiction Travel and Amend Condition of Intermittent Confinement

Mr. Chase Allen, the defendant in the above captioned case, respectfully moves this Court to permit him to travel outside his supervising probationary district, for work and community service purposes. The government, by way of assistant United States attorney Jennifer Blackwell, does not object to this request. As grounds, Mr. Allen states the following:

On April 20, 2023, Mr. Allen was sentenced on a single misdemeanor count of an Act of Physical Violence on U.S. Capitol Grounds, in violation of 18 U.S.C. § 5104(e)(2)(F). [D.E. 45]. The Court imposed three (3) years of probation, $500 in restitution, and a $10 special assessment. Special conditions of probation require that Mr. Allen serve fourteen (14) days of intermittent confinement within one (1) year, that he complete 50 hours of community service within one (1) year, and that he undergo a mental health evaluation and participate in any mental health treatment as directed by probation. *Judgment,* p. 4, [D. E. 45]. As Mr. Allen lives in Massachusetts, his probation is supervised by the district of Massachusetts.[1]

Since sentencing, Mr. Allen has completed the mental health evaluation,[2] paid his special

---

1 Mr. Allen notes that throughout the 21 months of his pre-trial release in this case (in which he was also supervised by Massachusetts) and throughout his term of probation thus far, he has had no violations of his conditions of release or probation.

2 Upon completion of the mental health assessment, no follow up treatment was required of Mr. Allen.

assessment, paid $200 towards his restitution obligation, and has identified the Roger Williams Park Botanical Center[3] ("RWPBC") in Providence, Rhode Island as the organization where he would like to complete his community service hours.[4] As RWPBC is located outside the district of Massachusetts, Mr. Allen requests permission to travel to and from Rhode Island in order to fulfil his community service hours obligation with this organization.

Further, Mr. Allen has communicated with federal probation regarding the scheduling of his term of intermittent confinement and has tentatively scheduled this term to start on October 30th, 2023 at 9 A.M. Probation has indicated that Mr. Allen can complete this requirement within one unbroken 14 day period and as such, Mr. Allen requests permission from this Court to serve this condition of probation within one single 14-day period, at the local facility tentatively identified and scheduled by federal probation.

Finally, Mr. Allen requests permission to leave the district of Massachusetts, for work-related travel purposes, from September 22 – October 22, 2023. Specifically, Mr. Allen requests permission to travel to Texas, Arizona, and New Mexico during this four-week period, so that he may attend various scheduled political rallies and events, for the purpose of filming them and publishing the filmed coverage of these events to his own documentary video channel.[5] As noted in the final PSR and in the defendant's sentencing memorandum, Mr. Allen is a videographer, focused predominantly of filming various political, non-political and wildlife projects. *PSR* at ¶¶

---

3 Information on Roger Williams Park Botanical Center is available here: https://www.providenceri.gov/botanical-center/

4 Mr. Allen plans to have his community service hours completed as soon as possible, and within the 1-year timeline of April 2024, as ordered by the Court.

5 Mr. Allen earns income from his video channel (and the content he posts) by way of online subscribers.

44-46. [D.E. 36]. Between 2018-2022, Mr. Allen was self-employed as a documentarian for approximately four years, supporting himself financially through videography projects and the video content he filmed of various organized political, community, and social justice events and protests. *Id.*; *Defendant's Sentencing Memorandum*, pp. 4-5; [D.E. 40]. Mr. Allen now seeks to support himself financially through that work once again.[6]

It is the understanding of counsel that Mr. Allen's travel request has been denied by federal probation because Mr. Allen has "not set up community service yet" and because the request to travel "is consistent with the instant offense". However, Mr. Allen notes that he is actively working towards completing his community service obligation within the one (1) year parameter ordered by this Court. *Judgment,* p. 4, [D. E. 45]. Further, Mr. Allen's travel request is in no way "consistent" with the illegal behavior he pled guilty to in this case. Instead, Mr. Allen's request - to attend and film organized, planned, public political and community events - is fully legal behavior that is intrinsic to his ability to support to support himself financially as a self-employed documentarian. Further, it is a fundamental exercise of his constitutionally protected First Amendment right to freedom of association. A person does not forfeit his First Amendment freedoms upon convictions for a crime. *Packingham v. North Carolina*, 582 U.S. _, 137 S.Ct. 1730 (2017); *Turner v. Safley*, 482 U.S. 78, 84 (1987). Moreover, a law that burdens a fundamental constitutional right must be narrowly tailored to meet a compelling state interest. *See e.g. Rodriguez v. San Antonio Independent School District*, 411 U.S. 1, 29-40, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). The burden lies on the government to show that its action meets the elements of strict scrutiny. *See e.g. Citizens United v. Federal Elections Commission*, 558 U.S. 50, 30 S.Ct.

---

6 In making this request for travel, Mr. Allen submits that he will provide probation with his travel itinerary and travel information and is more than willing to comply with weekly check-ins with probation, for the duration of his trip.

876, 898, 175 L.Ed.2d 753 (2010). Although the standard probation condition requiring probation's permission to travel out of district is facially sound, as applied to Mr. Allen, federal probation's denial of his request to attend various legal, organized, public political events for fully legal purposes related to his work, does not clearly serve a compelling state interest nor is it narrowly tailored to do so.

## CONCLUSION

Mr. Allen submits that he will continue to abide by all his conditions of probation, including that he not violate any local, state, or federal law, regardless of whether he is in the district of Massachusetts or any other state.[7] As such, Mr. Allen respectfully requests that this Court allow Mr. Allen's request.

Respectfully Submitted,
Mr. Chase Allen

By his attorney,

Dated: 9/15/2023

/s/ *Forest O'Neill-Greenberg*
Forest O'Neill-Greenberg
Federal Defender Office
51 Sleeper St., Fifth Floor
Boston, MA 02210
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Forest O'Neill-Greenberg, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 15, 2023.

/s/ *Forest O'Neill-Greenberg*
Forest O'Neill-Greenberg

---

7 In addition to his confirmation that he will abide by all of his Court ordered conditions of probation, no matter what state he is in, Mr. Allen also fully acknowledges and understands that any violation of his conditions of probation, including any violation of any local, state, or federal law (whether in the district of Massachusetts or elsewhere) would subject him to a probation violation hearing in this instant matter.