UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

  *Plaintiff*

v.              Criminal No. 1:22-cr-00361-DLF

CHASE ALLEN,

  *Defendant.*

## MOTION FOR EARLY TERMINATION OF SUPERVISION

  Mr. Chase Allen, the defendant, through counsel, respectfully files this motion to terminate his supervision early, pursuant to 18 U.S.C. § 3564(c), and in support shows as follows.

  Mr. Allen was sentenced in the District of Columbia on April 20, 2023. For his conviction on one misdemeanor count of an Act of Physical Violence on U.S. Capitol Grounds, in violation of 18 U.S.C. § 5104(e)(2)(F), Mr. Allen received a sentence of thirty-six (36) months of probation, with the conditions that he serve fourteen (14) days of intermittent confinement and complete 50 hours of community service within the first year of supervision. *U.S. v. Chase Allen, April 20, 2023 Judgment*, pp. 2, 4 [D.E. 45]. Additionally, the Court ordered restitution, as well as a mental health evaluation and corresponding treatment requirement, and a firearm restriction. *Id.* at 4.

  Mr. Allen has been on federal supervision, supervised (courtesy supervision) in the District of Massachusetts, since his sentencing on April 20, 2023. In the past 18 months, he has completed all of the itemized requirements of his supervision as set by the Court and has abided

by all of the rules and regulations of his federal supervision. At present, he has finished approximately 50 percent of his supervision term.

Title 18, section 3564(c) of the United States Code authorizes the Court to terminate a defendant's term of federal probation at any time in the case of a misdemeanor if the Court is "satisfied that such action is warranted by the conduct of the defendant and the interest of justice." Section 3564(c) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)[1] (to the extent they are applicable) in deciding whether to terminate a term of probation. 18 U.S.C. § 3564(c).

Under the Sentencing Guidelines, "[t]he Court is encouraged to exercise this authority in appropriate cases." USSG § 5D1.2, App. Note 5. In addition, the Federal Judicial Conference has identified the following criteria to assess the appropriateness for early termination within the first 18 months of supervision, based on "the person's overall progress in meeting supervision objectives", including whether the individual has:

1. substantially satisfied the requirements of the court order; and

2. demonstrated a willingness and capability to remain lawful beyond the period of supervision.

Federal Judicial Conference, *Guide to Judiciary Policy*, Vol. 8 (Probation and Pretrial Services, Part E), § 360.20(b).

---

[1] The applicable § 3553 factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) whether the sentence reflects the seriousness of the offense, promote respect for the law, provide just punishment, deters other criminal conduct, protects the public, and provides the defendant with training, medical care or other correctional treatment; (3) the kinds of sentences available; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a)(1)–(3), (6)-(7). Section 3553(a) also includes factors related to the United States Sentencing Guidelines, *see* 18 U.S.C. § 3553(a)(4)-(5), which do not apply to Mr. Allen's misdemeanor conviction.

Further, the Federal Judicial Conference has enumerated six factors that the probation department should consider in determining whether to recommend early termination.[2] After 18 months of supervision, there is a presumption in favor of recommending early termination if the defendant meets the six criteria:

> (1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;
> (2) The person presents no identified risk of harm to the public or victims;
> (3) The person is free from any court-reported violations over a 12-month period;
> (4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
> (5) The person is in substantial compliance with all conditions of supervision; and
> (6) The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

*Id*., § 360.20(c)(1)-(6).

Moreover, pursuant to the policy, "[o]fficers should consider early termination for all persons who have been supervised for 12 months under low-risk supervision standards and who otherwise meet the eligibility criteria." *Id., § 360.20(f).*

The Court must ultimately determine whether early termination is warranted by the conduct of the defendant released and the interest of justice. Courts have considered the totality of the circumstances in evaluating both the defendant's conduct and the interest of justice. In *United States v. Shaw*, the District Judge relied on the defendant's compliance with conditions, stable employment, stable residence, positive relationships, and self-improvement to find that both the conduct of the defendant and the interests of justice warranted early termination. *United*

---

[2] In 2018 the Federal Judicial Conference replaced the previous set of nine factors with the current six. The change "reflects a shift in focus from coercing a person to act lawfully to monitoring and fostering a person's ability to self-manage lawful behavior and desire to act lawfully." *United States v. Shaw*, 2020 WL 1062896, at 4 (D. Colo. 2020).

*States v. Shaw*, 611 F. Supp. 3d 1170, 1176-1177. In *Shaw*, early termination was granted over the objection of both the government and probation. *Shaw* at 1171. In *United States v. Harris*, the District Judge considered the defendant's conduct and the interest of justice related factors, but addressed them separately. *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010). There, the defendant's conduct was "beyond reproach." *Id.* In *Harris,* supervised release was terminated early with the assent of probation, but over the objection of the government. *Harris* at 694.

      Mr. Allen meets the criteria for early termination of probation. Mr. Allen is now 28 years old. He currently lives with in Pawtucket, Rhode Island, is in compliance with all terms of his supervision, and has been since his sentencing in April 2023. He has no substance use related issues nor does he suffer from any mental illness and he does not require any mental health treatment. He does not fit the criteria of a career drug offender or career criminal and has not committed a sex offense or engaged in terrorism; he presents no identified risk of harm to the public or victims and has no history of violence; he has no recent arrests, let alone any new criminal charges or convictions, nor has he ever had any ongoing, uninterrupted patterns of criminal conduct. Instead, Mr. Allen has completed the intermittent incarceration, restitution, and community services obligations of his sentence in this matter, has complied with the mental health evaluation, and has abided by all the rules of his supervision for 18 months. He is presently working two jobs, both as a security guard for a local company Lock Down Security and for Door Dash. He is committed to continuing along his path of success as a positive, contributing member of his community and he plans, upon the completion of this term of

supervision, to pursue a career as a school bus driver.[3]

Wherefore, Mr. Allen respectfully moves the Court to grant this motion, terminating his supervision early.

                Respectfully Submitted,

                Mr. Chase Allen
                By His Attorney,

                */s/Forest O'Neill-Greenberg*
                Forest O'Neill-Greenberg
                BBO # 674760
                Federal Public Defender Office
                District of Massachusetts
                51 Sleeper Street, 5th Floor
                Boston, MA 02210
                Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 22, 2024.

                */s/ Forest O'Neill-Greenberg*
                Forest O'Neill-Greenberg

---

[3] During this current his term of probation, Mr. Allen applied for a position as a school bus driver. Unfortunately, he was informed by his potential employer that his open federal probation matter is a current bar to employment, and he was encouraged to reapply for the position once his term of probation is finished. As such, Mr. Allen plans to reapply for a state school bus driver position as soon as his term of federal probation is complete.